# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5676 | **DATE** | 9/12/2002 |
| **CASE TITLE** | Benjamin Peoples vs. Sebring Capital Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/3/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for leave to file second amended complaint [30-1] is granted. Pursuant to plaintiff's request, Count III is dismissed. A status hearing is set for October 3, 2002, at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| | Notices mailed by judge's staff. | | SEP 1 3 2002 | | |
| ✓ | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 39 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| RJ/ea | courtroom deputy's initials | 02 SEP 12 PM 3:46 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 01 C 5676 |
| ) | |
| SEBRING CAPITAL CORPORATION, ) | Judge Joan B. Gottschall |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
SEP 1 3 2002

This matter comes before the court on plaintiff Benjamin Peoples's motion for leave to file a second amended complaint. Defendant Sebring Capital Corporation ("Sebring") opposes the motion. For the reasons set forth below, Peoples's motion for leave to amend is granted.

Because Peoples has previously amended his complaint, he may amend "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Sebring does the opposite of consent, so the question is whether this court should grant leave, which, the rules provide, "shall be freely given when justice so requires." *Id.* The Supreme Court has enunciated the following general standard:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

29

In his second amended complaint, Peoples divides his Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, claim into separate class and individual counts (Counts I and II), renumbers his unauthorized practice of law, consumer fraud, and unjust enrichment counts accordingly (Counts III, IV, and V, respectively, in the new complaint), and adds three counts based on alleged mark-ups in third-party fees (Counts VI, VII, and VIII). The new counts cite the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b), the Illinois Consumer Fraud Act, 815 ILCS 505/2, and common law principles of unjust enrichment, respectively. Sebring objects first to the retention of the unauthorized practice of law claim (Count III). How the *retention* of a claim could possibly affect the appropriateness of granting leave to make other changes to a complaint is a mystery. A plaintiff obviously needs no permission from the court to keep a claim in a lawsuit. In any event, Peoples requests that the court voluntarily dismiss Count III, and the court grants this request. Fed. R. Civ. P. 41(a)(2).

This leaves Sebring's objections to the proposed addition of the mark-up related claims (Counts VI, VII, and VIII). Sebring argues that the amendments are futile, that the amendments are brought in bad faith, and that allowing the amendments would unduly prejudice Sebring. Sebring's futility argument is that these claims cannot withstand a motion for summary judgment, an argument Sebring supports with affidavits, deposition testimony, and other material outside the pleadings. This argument, however, rests on a faulty premise. "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not

withstand a Rule 12(b)(6) motion to dismiss."[1] *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Sebring makes no attempt to show that any of the added counts fail to state a claim, so it has not demonstrated futility. Because the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1487, at 637-42 (2d ed. 1990).

Sebring's confusion is understandable. At first glance, Seventh Circuit case law appears to support Sebring's position. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001) ("An amendment is futile if the added claim would not survive a motion for summary judgment."); *accord Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996); *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995); *Estate of Porter v. Illinois*, 36 F.3d 684, 690 (7th Cir. 1994); *Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). But all of these cases differ from the case at bar in a fundamental way: in each, the plaintiff's request for leave to amend was made while a summary judgment motion was pending, leave to amend was denied at the same time that summary judgment was granted, and the summary judgment record conclusively established that the proposed amendment was futile. Despite the unqualified language employed in these opinions, this court is quite sure that the Seventh Circuit did not mean to invite parties to submit extrinsic materials in opposition to motions for leave to amend. There is no summary judgment motion currently pending before this court. Sebring's attempt to

---

[1] Although this statement is true in the circumstances of the present case, it would be an accurate general statement of the law (in the Seventh Circuit at least) only if it included the word "generally" in the phrase before the semi-colon and omitted the word "only" from the phrase after. *See infra* text.

introduce and rely upon extrinsic materials in opposition to Peoples's motion to amend is inappropriate.

Apart from *Bethany*, none of the cases cited by Sebring supports its position. In most, the court squarely rested its decision on the ground that the proposed amended complaint failed to state a claim. *See J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819-20 (7th Cir. 1991); *Brandt v. Grounds*, 687 F.2d 895, 899 (7th Cir. 1982); *Kamsler v. H.A. Seinscheimer Co.*, 347 F.2d 740, 742 (7th Cir. 1965); *In re Brand Name Prescription Drugs Antitrust Litig.*, 177 F.R.D. 414, 423 (N.D. Ill. 1997). Sebring's reliance on *Fujisawa Pharmaceutical Co. v. Kapoor*, 115 F.3d 1332 (7th Cir. 1997), for the proposition that an amendment is "futile and should be denied where the theory pled does not apply to the facts of the case" is similarly misplaced. (Def.'s Resp. at 4.) Critically, the court there affirmed a lower court's denial of leave to amend where the legal theory pled was "inapplicable to the facts *alleged*," *Fujisawa*, 115 F.3d at 1334 (emphasis added), not the "facts of the case," as Sebring suggests. But even if *Fujisawa* could be read in the way Sebring urges, the motion to amend in that case was filed after the entry of summary judgment in favor of the defendant on related claims. *Id.* A court can sensibly rely on the facts of a case only after they have been established, not before.

Sebring fails to show that the mark-up claims are brought in bad faith. Although its president, Michael Brown, now avers that the company did not increase, mark up, or split with another party any of the alleged third-party charges, his deposition testimony is at least ambiguous on this point. Indeed, Brown saw the need to file an errata sheet to clarify the point, which it appears that Peoples did not receive until after he filed the present motion to amend. Peoples also argues that several documents show a $33 disparity between the amount he was

4

charged for credit report fees and the amount Sebring paid third parties. Perhaps Peoples is misinterpreting these documents, as Sebring's argument and Brown's affidavit suggest, but Sebring does not attempt to explain the disparity. This does not appear to be a case where the plaintiff has failed to investigate whether any relevant evidence supports the amendment. *Cf. Figgie Int'l v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992).

Sebring's prejudice argument is essentially a compound reiteration of its futility and bad faith arguments. Sebring argues that it has expended unnecessary time and resources responding to three complaints and a motion for class certification as a result of Peoples's "continued attempts to allege these ill-founded causes of action without investigating whether the facts support them." (Def.'s Resp. at 9.) To the extent Sebring merely repackages its earlier arguments, no further comment is required. Suffice it to say that having to respond to facially valid claims asserted in good faith is not an undue burden. Nor can Sebring complain about the motion for class certification or its timing—that motion applied only to the TILA count, which has remained unchanged since the very first complaint. Sebring's assertion that the class certification motion would be rendered moot if either of Peoples's amended complaints survives is simply wrong. Relatedly, Sebring appears to find fault in Peoples's decision to move for class certification relatively early in the proceedings. But the federal rules expressly provide that a court shall determine, "[a]s soon as practicable after the commencement of an action brought as a class action," whether it is to be so maintained. Fed. R. Civ. P. 23(c)(1). Even if subsequent events had mooted the class certification issue, following the rules would have created no unfair prejudice.

5

Accordingly, Peoples's motion for leave to file his second amended complaint is hereby granted.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 12, 2002